IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESPERANZA & GEORGE GINES<br>17 Bronwood Drive<br>Voorhees, NJ 08043<br>　　　　　　　　　Plaintiff,<br>　　vs.<br><br>TRIUMPH MORTGAGE CORP.<br>508 Main Street<br>Wilmington, DE 19804<br><br>and<br><br>RALPH V. ESTEP<br>508 Main Street<br>Wilmington, DE 19804<br>　　　　　　　　Defendants. | CIVIL ACTION NO.<br><br><br>TRIAL BY JURY DEMANDED |

## **COMPLAINT**

### I.  INTRODUCTION

Plaintiffs Esperanza and George Gines bring this action for violations of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA") and implementing Regulation Z, 12 C.F.R. § 226, as well as state law.

Plaintiffs entered into two sequential high interest "auto-pawn" mortgage transactions with Defendant Triumph Mortgage Corp. ("Triumph"). Triumph grossly under-disclosed the cost of credit and the finance charge associated with the loan transactions by, *inter alia*, burying document fees and up-front costs in the amount financed. This yielded a dramatic understatement of the true cost of this oppressive consumer transaction.

1

389001_1

## II. JURISDICTION

1.      Jurisdiction is conferred upon this Court by the TILA, 15 U.S.C. § 1640(e), actionable through 28 U.S.C. §§ 1331 and 1337.

2.      This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

3.      Plaintiffs Esperanza and George Gines are a married couple currently residing at 17 Bronwood Drive, Voorhees, New Jersey 08043 (collectively "Gines").

4.      Defendant Triumph Mortgage Corp. ("Triumph") is a Delaware corporation with a place of business located at 508 Main Street, Wilmington, Delaware 19804.

5.      Defendant Ralph V. Estep ("Estep") is the principal in the transaction, president of Triumph Mortgage Corp., and was personally involved in the transactions alleged herein and was probably responsible for the fraudulent loans.

6.      Defendants issued "Loan Commitment Letters" to Plaintiffs that identify Triumph Mortgage Corp., as a "Delaware Licensed Lender, 508 Main Street, Wilmington, DE, 19804" when neither Estep nor Triumph Mortgage are licensed Delaware Lenders, registered with the Delaware Bank Commissioner's office.

7.      At all times relevant hereto, Triumph regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.   Triumph is a "creditor" within the meaning of the TILA, 15 U.S.C. § 1602(f) and Regulation Z, 12 C.F.R. § 226.2(a)(17).

8.      Upon information and belief, Triumph offers consumers what is known as an "auto pawn" or "title pawn," whereby a lender temporarily takes title in the consumer's vehicle as collateral for a high-interest rate loan.  When the loan becomes due, the consumer either pays the full amount including interest, fees and service charges or risks having his vehicle title immediately transferred to the pawnbroker, and his car repossessed.

## IV. STATEMENT OF CLAIM

9.      TILA disclosures are required in pawn transactions where, in connection with an extension of credit, a consumer pledges an item to a pawnbroker creditor in return for a sum of money and retains the right to redeem the item for a greater sum within a specified period of time.  Federal Reserve Board Regulation Z Official Staff Commentary ("Commentary"), 12 C.F.R. § 226.17(c)(1)-18.

10.     Plaintiffs entered into two loan transactions with Triumph, each of which violated key provisions of the TILA and state law.  The documents Triumph provided to Plaintiffs contain numerous violations of TILA including misrepresenting the finance charge, failing to describe required terms, failing to include required terms, and failing to segregate required information, as set forth below.

**The September 25, 2007 Loan**

11.     On or about September 25, 2007, Plaintiffs, seeking credit primarily for personal, family, or household purposes, applied for a loan from Defendant Triumph.

12.     On September 25, 2007, Defendant generated a Loan Commitment Letter ("Letter") listing the Gineses' 2003 Chevrolet Tracker as collateral and purporting to disclose the

389001_1

terms of the loan to the Gineses. A copy of the September 25, 2007 Letter is attached hereto as Exhibit "A".

13.    The Letter states the loan was for $4,000.00 plus $546.84 in "Settlement Costs" at an interest rate of 18%, "computed based on a 365-day year," and to be paid in full by November 1, 2007.

14.    The letter listed "Settlement Costs" to be:

**OTHER COSTS YOU SHALL INCUR AT SETTLEMENT:**

At settlement the following charges shall be deducted from the gross loan amount.

| | |
|---|---|
| Application and Processing Fee: | $125.00 |
| Document Preparation: | $375.00 |
| Six days interest to Oct. 1st.: | $ 11.84 |
| Title Recording Fees: | $ 35.00 |

15.    Also on September 25, 2007, Defendant Triumph generated a "Full Recourse Promissory Note" ("Promissory Note") for the "principal sum" of $4,546.84 set forth in the Letter. A copy of the September 25, 2007 Promissory Note is appended as Exhibit "B".

16.    The Promissory Note additionally lists that a borrower may extend the loan by one month by paying an "extension fee" of 10% of the outstanding loan balance plus one month's interest.

17.    TILA defines "finance charge" as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605.

18.    TILA defines "annual percentage rate" as "that nominal annual percentage rate which will yield a sum equal to the amount of the finance charge when it is applied to the unpaid balances of the amount financed, calculated according to the actuarial method of allocating

389001_1

payments made on a debt between the amount financed and the amount of the finance charge, pursuant to which a payment is applied first to the accumulated finance charge and the balance is applied to the unpaid amount financed." 15 U.S.C. § 1606.

19.    TILA requires that the terms "finance charge" and "annual percentage rate" be fully disclosed to the consumer prior to consummation of the transaction. 15 U.S.C. § 1632(a).

20.    In addition to the requirement for completely accurate numerical disclosures, the Act requires specific bold-print conspicuous disclosure of the terms "finance charge" and "annual percentage rate." *Id.*

21.    The term "finance charge" does not appear on Defendant's Loan Commitment Letter or Promissory Note and is not set forth in either. This violates TILA and Regulation Z. 15 U.S.C. § 1632(a); 12 C.F.R. § 226.18(d).

22.    Defendant's listed "Settlement Costs" include "service, transaction, activity or carrying charges" that the seller requires to be paid before credit is extended. 12 C.F.R. 226.4(b)(2).

23.    Triumph buried these so-called "Settlement Costs" into the amount financed.

24.    Prepaid finance charges that are paid separately by the borrower should be deducted from the principal loan amount if the creditor has included such fees in calculating the amount financed. 15 U.S.C. §1605(a); 12 C.F.R. § 226.18(b)(3).[1]

25.    While TILA disclosures must be made "clearly and conspicuously" and "in a way that does not obscure the relationship of the terms to each other," *See* 12 C.F.R. § 226.17(a)(1),

---

[1]    For example, if a creditor determines the principal loan amount to be $2540, including a loan fee of $40, he should deduct the $40 as a prepaid finance charge to obtain an amount financed of $2500. Commentary, 12 C.F.R. § 226.18(b)(3)-1. Failing to do so deceptively depresses the annual percentage rate.

15 U.S.C. § 1632(a), Triumph's Commitment Letter and Promissory note do not attempt to label or otherwise distinguish finance charges from the amount financed.

     26.     Neither the term "annual percentage rate," nor a description of that term, appear on either the Promissory Note or the Commitment Letter in violation of TILA and Regulation Z. 15 U.S.C. § 1632(a); 12 C.F.R. § 226.18(e).

     27.     Although TILA and Regulation Z exist to foster a uniform system of terms to be used in credit transactions, Triumph uses a different term – "annual interest percentage rate" – in a disclaimer in fine print on page 2 of the Loan Commitment Letter which reads:

> You are hereby notified, the imposition of the aforementioned costs paid at settlement affects the annual interest percentage rate, increasing it to a significantly greater amount then the quoted Eighteen (18%) percent amount stated herein.

Exhibit "A."

     28.     The above "disclaimer" reflects that Triumph knowingly and intentionally under-disclosed the cost of credit.

     29.     By determining the annual percentage rate based upon improperly calculated and disclosed finance charges and amount financed, Triumph miscalculated and understated the disclosed annual percentage rate in violation of 15 U.S.C. §§ 1606, 1638(a)(4) and Regulation Z § 226.18(e).

**The October 12, 2007 Loan**

     30.     The Promissory Note signed on September 25, 2007 states that the borrowers (the Gineses) may extend the loan by one month by paying an "extension fee" of 10% of the outstanding loan balance plus one month's interest. See Exhibit "B".

     31.     On or about October 12, 2007, Plaintiffs applied for a one month extension loan from Triumph.

389001_1

32.     The terms of the October 12, 2007 loan are not readily apparent from the face of the Letter generated by Triumph:

**AMOUNT OF LOAN**:  This loan is comprised of these components:

$5,001.52 which represents the balance due from the September 25, 2007 loan, the ten percent (10%) extension fee, $375.00 in Settlement Costs described below and $85 for repayment of your check #129 returned for NSF, which includes our $35 return check charge. Exhibit "C".

33.     While never stated on the Letter, nor readily discernable from the confusing description of the "Amount of Loan," the October 12, 2007 loan was apparently for $5461.52, which included the balance due from the earlier loan ($4,546.85), plus the 10% "extension fee", plus $375.00 in "Settlement Costs", plus $85.00 in charges and penalties.

34.     Like the September 25, 2007 loan, this loan disclosed an 18% interest rate. Unlike the first loan, however, this loan was to be amortized over six months in installments of $958.63.  The loan was stated to be fully due on May 8, 2008.  Exhibit "C".

35.     Triumph's October 12, 2007 Letter lists "Settlement Costs" for this loan as $375 for a "Document Preparation Fee."  Exhibit "C".

36.     The Promissory Note accompanying this loan confusingly lists the "principal sum" of the loan as "FIVE THOUSAND FOUR HUNDRED SIXTY-ONE DOLLARS and 52 Cents ($5,376.52)", including an amount in parenthesis that is _different_ than that spelled out in capital letter type.  Note Exhibit "D" hereto.

37.     Accordingly, Triumph has utterly failed to make an accurate material disclosure. Failure to "clearly and conspicuously" disclose the terms of the loan is a violation of TILA and Regulation Z.  15 U.S.C. § 1632; 12 C.F.R. 226.17(a).

389001_1

38.     With this letter, Triumph again improperly buries so-called "Settlement Costs" of $350.00 into the amount financed in violation of TILA and Regulation Z.   12 C.F.R. § 226.18(b)(3).

39.     Also, as the October 12, 2007 letter and promissory note are merely regurgitated versions of the September 25, 2007 documents, they omit adequate disclosure and description of the terms "finance charge" and "annual percentage rate" and contain the same flaws and violations of TILA and Regulation Z as the first set of "disclosures."   Accordingly, those violations are hereby incorporated into the description of the October 12, 2007 documents.

## COUNT I - TRUTH IN LENDING ACT VIOLATIONS IN THE SEPTEMBER 25, 2007 DOCUMENTS

40.     The preceding allegations of this Complaint are repeated and incorporated by reference within this Count.

41.     Defendant's September 25, 2007 loan violated the Truth in Lending Act, 15 U.S.C. §§ 1605, 1606, 1632, and 1638(a)(4).

WHEREFORE, Plaintiffs respectfully asks this Court to grant:

1.   Actual damages;

2.   Statutory damages for each Plaintiff;

3.   Reasonable attorneys fees and costs;

4.   Such other relief as the Court should deem appropriate.

## COUNT II - TRUTH IN LENDING ACT VIOLATIONS IN THE OCTOBER 12, 2007 DOCUMENTS

42.     The preceding allegations of this Complaint are repeated and incorporated by reference within this Count.

389001_1

43.    Defendant's October 12, 2007 loan violated the Truth in Lending Act, 15 U.S.C. §§ 1605, 1606, 1632, and 1638(a)(4).

WHEREFORE, Plaintiffs respectfully asks this Court to grant:

1.    Actual damages;

2.    Statutory damages for each Plaintiff;

3.    Reasonable attorneys fees and costs;

4.    Such other relief as the Court should deem appropriate.

## COUNT III – DELAWARE CONSUMER CONTRACTS ACT VIOLATION

44.    The preceding allegations of this Complaint are repeated and incorporated by reference within this Count.

45.    Plaintiffs are "consumers" for purposes of the Consumer Contracts Act, 6 *Del. C.* §§2731-2736 (hereinafter the "CCA"), pursuant to 6 *Del. C.* §§ 2731(4).

46.    Defendants are each a "person" for purposes of the CCA pursuant to 6 *Del. C.* §2731(4).

47.    The Letters and Promissory Notes prepared by Defendants to lend to Plaintiffs are each a "Contract" for goods or services which are "merchandise" for purposes of the CCA, pursuant to 6 *Del. C.* §§ 2731(3).

48.    The Contracts by which Defendants lent money to Plaintiffs are a "sale" for purposes of the CCA, pursuant to 6 *Del. C.* §§ 2731(5).

49.    The CCA states: "In a contract for the sale or lease of merchandise to a consumer, a person engages in a deceptive practice when that person knowingly or recklessly . . .(2) Omits information required by law to be disclosed in contracts with a consumer."

50.    Defendants engaged in a deceptive practice in that Defendants knowingly or

recklessly sold a loan to Plaintiffs through the Contracts, and Defendants omitted the information required by law to be disclosed in contracts with a consumer, including the information and notices required by TILA and Reg. Z as stated above.

51.    Defendants omitted the following information required to be disclosed by Federal Reserve Board Regulation Z:

a.    The "finance charge" and "annual percentage rate" were not fully disclosed to the consumer prior to consummation of the transaction pursuant to 15 U.S.C. § 1632(a).

b.    specific bold-print conspicuous disclosure of the terms "finance charge" and "annual percentage rate" were not fully disclosed pursuant to 15 U.S.C. § 1632(a);

c.    The term "finance charge" does not appear on Defendant's Loan Commitment Letter or Promissory Note and is not set forth in either in violation of 15 U.S.C. § 1632(a); 12 C.F.R. § 226.18(d);

d.    the term "annual percentage rate," nor a description of that term, in violation 15 U.S.C. § 1632(a); 12 C.F.R. § 226.18(e).

e.    The Term "Annual Percentage Rate" by using a different term not authorized by law – "annual interest percentage rate" – in violation of 15 U.S.C. §§ 1606, 1638(a)(4) and Regulation Z § 226.18(e).

52.    The CCA provides that "[a]ny person who engages in a deceptive practice governed by this subchapter shall be liable to a consumer in an amount equal to treble the amount of actual damages proved, plus reasonable attorney's fees."

53.    As a result of Defendants' conduct, Plaintiffs suffered, and continue to suffer,

389001_1

direct, incidental and consequential damages which include payments and finance charges paid or incurred to date, out of pocket expenses, aggravation and inconvenience, the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiffs respectfully asks this Court to grant:

1. Actual damages;

2. Statutory damages for each Plaintiff;

3. General, special, incidental and consequential damages;

4. Treble damages pursuant to the Consumer Contract Act, 6 *Del. C.* §2736;

5. Prejudgment and post-judgment interest at the legal rate;

6. Reasonable attorney's fees pursuant to 6 *Del. C.* §2734, or 15 *U.S.C.* 2310 (d) (2);

7. Cost of this action, and;

8. Any other relief which this Court deems just.

## COUNT IV – CONSUMER FRAUD ACT VIOLATION / NEGLIGENT MISREPRESENTATION

54. The preceding allegations of this Complaint are repeated, and incorporated by reference within this Count.

55. Defendants and Plaintiffs are "persons" for purposes of the Consumer Fraud Act, 6 *Del. C.* §§ 2511-2527 ("CFA").

56. The loans sold by Defendants to Plaintiffs constitute "merchandise" for purposes of the CFA, pursuant to 6 *Del. C.* §2511(4).

57. The representations that Defendants made to Plaintiffs regarding the loans sold to Plaintiffs constitute "advertisements" for purposes of the CFA, pursuant to 6 *Del. C.* §2511(1).

58. The Contracts through which Plaintiffs loans, Notes and Letters prepared for the

389001_1

loan by defendants and the transaction and agreement described therein, each constitutes a "sale" for purposes of the CFA, pursuant to *6 Del. C.* §2511(6).

59.    The CFA provides, pursuant to *6 Del. C.* §2513, that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice."

60.    Defendants committed an unlawful practice in the regular course of business and in connection with the sale or advertisement of merchandise by deception, fraud, false pretense, false promise or misrepresentation or omission of material facts with the intent that Plaintiffs rely upon the omissions, in violation of the Delaware Consumer Fraud Act, *6 Del. C.* §2513 *et. seq.* when they:

a.    Represented that they are "Delaware Authorized Lender" when in fact they are not licensed or authorized by the Delaware Bank Commissioner to extend loans;

b.    Misrepresented the following, creating a condition of falseness:

i.    The "Finance Charge" by including in it "service, transaction, activity or carrying charges" in violation of  12 C.F.R. 226.4(b)(2).

ii.    The "Amount Financed" by including Prepaid finance charges that are paid separately by the borrower which in violation of 15 U.S.C. §1605(a); 12 C.F.R. § 226.18(b)(3);

iii.    The TILA disclosures which were not made "clearly and conspicuously" and "in a way that does not obscure the relationship of the terms to each

12

389001_1

other," in violation of 12 C.F.R. § 226.17(a)(1), 15 U.S.C. § 1632(a);

        iv.    The Term "Annual Percentage Rate" by using a different term–

"annual interest percentage rate" -- which was not calculated as required in violation of 15

U.S.C. §§ 1606, 1638(a)(4) and Regulation Z § 226.18(e);

       c.    Omitted information and language required by law, including TILA and

Reg Z as alleged above in Count III.

61.    Defendants' violation of the following Acts and statutes as alleged above is in

each case, an "unlawful practices" *per se,* under the CFA:

a.    The Truth in Lending Act;

b.    Regulation Z;

c.    The Consumer Contract Act, pursuant to 6 *Del. C.* §2732, 2736;

62.    The CFA pursuant to 6 *Del. C.* §2525(a) provides that "[a] private cause of action

shall be available to any victim of a violation of this subchapter."

63.    Plaintiffs were damaged by Defendant's violations of the CFA in that Plaintiffs

paid money to purchase the use of money, agreed to pay 18% interest based upon

misrepresentations of the finance charge, and suffered incidental and consequential damages as a

consequence.

64.    Defendants' conduct was knowing and reckless and exhibits indifference to the

rights of Plaintiffs. Thus, Defendants' Consumer Fraud was gross and oppressive.

65.    Punitive damages are justified in this case since Defendants fraud is in reckless

disregard for the rights of consumers. Triumph Mortgage Corp., is only the latest scheme by

Estep to demonstrate his motive and intent to mislead consumers into paying for services which

389001_1

he stated he was authorized to perform; was paid by consumers to perform; but is not authorized to perform:

a.    In August, 2007 Estep was sanctioned by the Delaware Supreme Court for unlawful practice of law for giving legal advice and preparing legal documents such as wills and trust to be filed with the Register of Wills for consumers, and representing that he was authorized to do so, when in fact he was not.

b.    On October 30, 2006, the Delaware Supreme Court issued an agreed order directing that Estep cease and desist the unauthorized practice of law ("Cease and Desist Order").

c.    In violation of the agreed Cease and Desist Order, Estep continued the unauthorized practice of law.  On August 15, 2007, the Delaware Supreme Court found Estep in contempt and ordered:  "...disgorgement of fees earned by the Respondent after the entry of the Cease and Desist Order and a $2000 fine for each of the nine counts of the Amended Petition found to have constituted a contempt of the Cease and Desist Order."

66.    As a result of Defendants' conduct, Plaintiffs suffered, and continue to suffer, actual direct, incidental and consequential damages which include payments and finance charges paid or incurred to date, out of pocket expenses, aggravation and inconvenience, the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiffs respectfully asks this Court to grant:

1.    Actual damages;

2.    Statutory damages for each Plaintiff;

3.    General, special, incidental and consequential damages;

389001_1

4.    Punitive damages pursuant to the Consumer Fraud Act, 6 *Del.* C. §2513, *et. seq.*;

5.    Treble damages pursuant to the Consumer Contract Act,  6 *Del.* C. §2736;

6.    Prejudgment and post-judgment interest at the legal rate;

7.    Reasonable attorney's fees pursuant to 6 *Del.* C. §2734,  or TILA;

8.    Cost of this action, and;

9.    Any other relief which this Court deems just.

**MACELREE HARVEY, LTD.**

Christopher J. Curtin, Esquire
DE Bar ID. # 226
5721 Kennett Pike
Centreville, DE  19807
Phone: (302) 654-4454
Facsimile: (302) 478-5577
Email: ccurtin@macelree.com

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.

CARY L. FLITTER, Esquire
PA Bar ID No.:  35047
ANDREW M. MILZ, Esquire
PA Bar ID No.: 207715
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822 -0782

Attorneys for Plaintiffs

Dated: July 25, 2008

389001_1

# EXHIBIT A

# Triumph Mortgage Corp.

September 25, 2007

George & Esperanza T. Gines
17 Bronwood Drive
Voorhees, NJ 08043

**Re:    LOAN COMMITMENT LETTER**

Dear Mr. & Mrs. Gines,

Thank you for applying with us for a loan secured by the title to your 2003 Chevrolet Tracker. As evidenced by your signature hereto, you hereby accept this loan and state that you are familiar with such matters and by virtue of your experience and knowledge of such matters, you deem this decision to be acceptable and hereby release Triumph Mortgage Corp. as well as its owners, employees and officers from any liability or cause of any action whatsoever for any failure or inability to provide you with any and all required disclosures relevant to this transaction and obligation.

You are hereby provided the following disclosures from which you can make your decision to accept the loan offered and provided this date:

**AMOUNT OF LOAN:**               $ 4,000.00 plus $546.84 in Settlement
                                   Costs described below.

**LOAN INTEREST RATE:**           Eighteen Percent (18.0%) interest shall be
                                   due and payable on this loan, commencing
                                   on September 25, 2007 and continuing until
                                   November 1, 2007, or when the entire
                                   outstanding balance is paid in full.

**AMORTIZATION:**                  Shall be due on November 1, 2007, but
                                   interest shall be computed based on a 365-
                                   day year.

**FINAL PAYMENT DUE:**             This loan shall become fully due on
                                   November 1, 2007. Take notice of the
                                   "CALLABLE" provisions noted in the
                                   "FULL RECOURSE PROMISSORY
                                   NOTE".

**DELAWARE LICENSED LENDER**                        Main Office (302) 994-7000
**588 MAIN STREET**                                 Telecopier  (302) 994-7040
**WILMINGTON, DELAWARE 19804**

1



**PAYMENT ADDRESS:**   All payments shall be made during normal business hours at the office of Triumph Mortgage Corp., the address of which is noted on this letterhead.

**SERVICING DISCLOSURE STATEMENT:**   It is not currently expected that your loan will be serviced by anyone other than Triumph Mortgage Corp. However, Triumph reserves the right to transfer this loan to any other Lender in is sole discretion.

**COLLATERAL REQUIREMENTS:**   You are providing Triumph with the title to your 2003 Chevrolet Tracker as collateral to guarantee your performance on the obligations herein. You agree to maintain the collateral in good working order and to protect and safeguard the collateral. You may not sell, transfer, obtain other loans upon, intentionally damage, neglect or otherwise waste the collateral without prior written authorization from Triumph.

**INSURANCE REQUIREMENTS:**   You shall provide Triumph an insurance binder, noting Triumph as an "Additional Insured and Loss Payee", with a required "30-day termination notification clause". In the event you fail to procure insurance acceptable to Triumph on this property, Triumph may do so and charge such cost thereof to the outstanding principal balance of your mortgage.

**OTHER COSTS YOU SHALL INCUR AT SETTLEMENT:**   At settlement the following charges shall be deducted from the gross loan amount.

| | |
|---|---|
| Application and Processing Fee: | $ 125.00 |
| Document Preparation: | $ 375.00 |
| Six days interest to Oct. 1st.: | $  11.84 |
| Title Recording Fees: | $  35.00 |

Sincerely yours,

_____

Ralph V. Estep, President

\* You are hereby notified, the imposition of the aforementioned costs paid at settlement affects the annual interest percentage rate, increasing it to a significantly greater amount then the quoted Eighteen (18.0%) percent amount stated herein.

**IN WITNESS WHEREOF**, the undersigned Borrowers hereby acknowledge receipt of a copy of this disclosure letter and that they have read and agree with all the terms, provisions and disclosures contained herein.

_____
George Gines, Borrower

_____
Lysa Kaminski, Witness

_____
Esperanza T. Gines, Borrower

_____
Lysa Kaminski, Witness

## STATE OF DELAWARE )
                                                    ) SS.
## NEW CASTLE COUNTY )

**BE IT REMEMBERED**, That on this Twenty-Fifth (25th) day of September, 2007, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, George Gines and Esperanza T. Gines, parties to this Indenture, known to me personally to be such, who acknowledged this Indenture to be their act and deed.

{SEAL}

_____
Renee Estep, Notary Public
My Commission Expires: 08/27/2009

RENEE V. ESTEP
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES AUG. 27, 2009

3

389001_1

# EXHIBIT B

[*]

# TRIUMPH MORTGAGE CORP.

508 MAIN STREET
WILMINGTON, DELAWARE 19804
Office (302) 994-7000 / Fax (302) 994-7040

## FULL RECOURSE PROMISSORY NOTE

$ 4,546.84                                          September 25, 2007

**FOR VALUE RECEIVED**, the undersigned, George Gines and Esperanza T. Gines, of 17 Bronwood Drive, Voorhees, Camden County, State of New Jersey, 08043, ("Borrower") promises to pay to Triumph Mortgage Corp., a Delaware corporation, of 508 Main Street, Wilmington, New Castle County, State of Delaware, 19804 and/or any of its successors or assigns, ("Lender") the principal sum of **FOUR THOUSAND FIVE HUNDRED FOURTY-SIX DOLLARS AND EIGHTY-FOUR CENTS ($4,546.84)**, without defalcation, for value received, together with interest compounded daily at the rate given below, from the date of the loan in the manner set forth below:

Interest shall be calculated at a rate of Eighteen Percent (18.0%) per annum of the then current outstanding loan amount, with interest calculated and accrued each day of each and every month until full repayment of the principal and interest is made, based on a 365 day year.

On November 1, 2007, the full amount of outstanding interest and principal shall be due, along with any late fees and service charges properly assessed. In the event the borrower is unable to repay the loan balance on its due date, the loan shall be in default with all appropriate remedies available, including immediate transfer of title on the 2003 Chevrolet Tracker, which is held as collateral on this loan to the Lender or Lender's assign. In the event of default, a ten percent penalty shall be assessed on the outstanding loan balance on November 2, 2007 and again on the first day of each month thereafter until the entire balance of the original loan and all interest and penalty accumulations thereon have been paid in full.

The Borrower may extend the loan by one month by paying an extension fee of ten percent of the outstanding loan balance plus one month's interest within five days of the due date. Prepayment, in whole or in part, of the principal, or interest, or both, shall be permitted at any time and from time to time, without penalty.

This note shall be **"Callable"** upon thirty (30) days notice, delivered by Certified Mail to the last known address of the Borrower under the following circumstances:

(1)    If either Borrower is adjudged as insolvent or declares bankruptcy, or

(2)    If either Borrower should file for "Legal Separation" or "Divorce" from the other spouse,

This Note shall be the obligation of the maker, sureties, guarantors and endorsers, and shall be binding upon them and their heirs, executors, administrators, personal representatives, successors and assigns.

The undersigned does hereby authorize and empower any court in Delaware or elsewhere, without process, to enter judgment, or any Clerk, Prothonotary or Attorney of any court of record in New Jersey, Delaware or elsewhere, without process, to appear for, George Gines and Esperanza T. Gines, and to confess judgment in any court of the State of New Jersey, the State of Delaware or elsewhere on the above obligation with legal interest and penalties assessed, together with twenty percentum (20%) on the amount of outstanding debt, interest and penalties as counsel fees, without process against George Gines and Esperanza T. Gines, (the "Borrower") and their heirs, personal representatives, executors, administrators or assigns, at the suit of the holder of this Note, their successors or assigns, at any time, with stay of execution until day of payment; and George Gines and Esperanza T. Gines, (the "Borrower") does waive the benefit of any and all exemption laws of the State of New Jersey, the State of Delaware, or elsewhere AND the maker and endorser hereby waives demand, protest and notice of non-payment hereof.

**WITNESS** my hand and seal the day and year aforesaid.

_____        _____
George Gines, Borrower                               Witness

_____        _____
Esperanza T. Gines, Borrower                       Witness


**STATE OF DELAWARE**                    )
                                                              ) SS
**NEW CASTLE COUNTY**                  )

**BE IT REMEMBERED**, That on this Twenty-Fifth (25th) day of September, A.D., 2007, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, George Gines and Esperanza T. Gines, parties to this Indenture, known to me personally to be such, who acknowledged this Indenture to be their act and deed.

{SEAL}

_____
Renee Estep, Notary Public
My Commission Expires: 08/27/2009

RENEE V. ESTEP
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES AUG. 27, 2[ ]

389001_1

# EXHIBIT C

# $\mathcal{T}$riumph $\mathcal{M}$ortgage Corp.

October 12, 2007

George & Esperanza T. Gines
17 Bronwood Drive
Voorhees, NJ 08043

**Re:    LOAN COMMITMENT FOR: George & Esperanza T. Gines**

Dear Mr. & Mrs. Gines,

Thank you for applying with us for an extension of the loan secured by the title to your 2003 Chevrolet Tracker. As evidenced by your signature hereto, you hereby accept this loan and state that you are familiar with such matters and by virtue of your experience and knowledge of such matters, you deem this decision to be acceptable and hereby release Triumph Mortgage Corp. as well as its owners, employees and officers from any liability or cause of any action whatsoever for any failure or inability to provide you with any and all required disclosures relevant to this transaction and obligation.

You are hereby provided the following disclosures from which you can make your decision to accept the loan offered and provided this date:

**AMOUNT OF LOAN:**      This loan is comprised of these components: $ 5,001.52 which represents the balance due from the September 25, 2007 loan, the ten percent (10%) extension fee, $375.00 in Settlement Costs described below and $85 for repayment of your check #129 returned for NSF, which includes our $35 return check charge.

**LOAN INTEREST RATE:**      Eighteen Percent (18.0%) interest shall be due and payable on this loan, commencing on November 1, 2007 and continuing until May 1, 2008, or when the entire outstanding balance is paid in full.

**AMORTIZATION:**      This loan shall be amortized over six months with the first installment of $958.63 due December 1, 2007 and a payment due on the first of each month thereafter until fully amortized.

**DELAWARE LICENSED LENDER**
**508 MAIN STREET**
**WILMINGTON, DELAWARE 19804**

**Main Office** (302) 994-7000
**Telecopier** (302) 998-1445

1

**FINAL PAYMENT DUE:**   This loan shall become fully due on May 1, 2008. Take notice of the "CALLABLE" provisions noted in the "FULL RECOURSE PROMISSORY NOTE".

**PAYMENT ADDRESS:**   All payments shall be made during normal business hours at the office of Triumph Mortgage Corp., the address of which is noted on this letterhead.

**SERVICING DISCLOSURE STATEMENT:**   It is not currently expected that your loan will be serviced by anyone other than Triumph Mortgage Corp.

**COLLATERAL REQUIREMENTS:**   You are providing Triumph with the title to your 2003 Chevrolet Tracker as collateral to guarantee your performance on the obligations herein. You agree to maintain the collateral in good working order and to protect and safeguard the collateral. You may not sell, transfer, obtain other loans upon, intentionally damage, neglect or otherwise waste the collateral without prior written authorization from Triumph.

**INSURANCE REQUIREMENTS:**   You shall provide Triumph an insurance binder, noting Triumph as an "Additional Insured and Loss Payee", with a required "30-day termination notification clause". In the event you fail to procure insurance acceptable to Triumph on this property, Triumph may do so and charge such cost thereof to the outstanding principal balance of your mortgage.

**OTHER COSTS YOU SHALL INCUR AT SETTLEMENT:**   At settlement the following charges shall be deducted from the gross loan amount.
Document Preparation Fee:    $ 375.00

Sincerely yours,

_____
Ralph V. Estep, President

\* You are hereby notified, the imposition of the aforementioned costs paid at settlement affects the annual interest percentage rate, increasing it to a greater amount then the quoted Eighteen (18.0%) percent amount stated herein.

**IN WITNESS WHEREOF**, the undersigned Borrowers hereby acknowledge receipt of a copy of this disclosure letter. That they have read and agree with all the terms, provisions and disclosures contained herein.

_____
George Gines, Borrower

Witness

_____
Esperanza T. Gines, Borrower

Witness

**STATE OF DELAWARE**          )
                               ) SS.
**NEW CASTLE COUNTY**          )

**BE IT REMEMBERED**, That on this Twelfth (12th) day of October, 2007, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, George Gines and Esperanza T. Gines, parties to this Indenture, known to me personally to be such, who acknowledged this Indenture to be their act and deed.

_____
Renee Estep, Notary Public
My Commission Expires: 08/27/2009

3

389001_1

# EXHIBIT D

## TRIUMPH MORTGAGE CORP.
508 MAIN STREET
WILMINGTON, DELAWARE 19804
Office (302) 994-7000 / Fax (302) 998-1445

### FULL RECOURSE PROMISSORY NOTE

$ 5,461.52                                October 12, 2007

**FOR VALUE RECEIVED**, the undersigned, George Gines and Esperanza T. Gines, of 17 Brontwood Drive, Voorhees, Camden County, State of New Jersey, 08043, ("Borrower") promises to pay to Triumph Mortgage Corp., a Delaware corporation, of 508 Main Street, Wilmington, New Castle County, State of Delaware, 19804 and/or any of its successors or assigns, ("Lender") the principal sum of **FIVE THOUSAND FOUR HUNDRED SIXTY-ONE DOLLARS and 52 Cents ($5,376.52)**, without defalcation, for value received, together with interest compounded daily at the rate given below, from the date of the loan in the manner set forth below:

Interest shall be calculated at a rate of Eighteen Percent (18.0%) per annum of the then current outstanding loan amount, with interest calculated and accrued each day of each and every month until full repayment of the principal and interest is made, based on a 365 day year. This loan will be amortized over six months. The first payment of $958.63 is due on December 1, 2007. A like payment is due on the first of the month each month thereafter until fully amortized. The final payment is due on May 1, 2008.

On May 1, 2008, the full amount of outstanding interest and principal shall be due, along with any late fees and service charges properly assessed. In the event the borrower is unable to repay the loan balance, the loan shall be in default with all appropriate remedies available, including immediate transfer of title on the 2003 Chevrolet Tracker which is held as collateral on this loan to the Lender or Lender's assign. In the event of default, a ten percent penalty shall be assessed on the outstanding loan balance. Interest rate shall increase to twenty-five percent (25%) per annum, under the same terms as above.

Prepayment, in whole or in part, of the principal, or interest, or both, shall be permitted at any time and from time to time, without penalty.

This note shall be **"Callable"** upon thirty (30) days notice, delivered by Certified Mail to the last known address of the Borrower under the following circumstances:

(1)     If either Borrower is adjudged as insolvent or declares bankruptcy, or
(2)     If either Borrower should file for "Legal Separation" or "Divorce" from the other spouse,

This Note shall be the obligation of the maker, sureties, guarantors and endorsers, and shall be binding upon them and their heirs, executors, administrators, personal representatives, successors and assigns.

The undersigned does hereby authorize and empower any court in Delaware or elsewhere, without process, to enter judgment, or any Clerk, Prothonotary or Attorney of any court of record in New Jersey, Delaware or elsewhere, without process, to appear for, George Gines and Esperanza T. Gines, and to confess judgment in any court of the State of New Jersey, the State of Delaware or elsewhere on the above obligation with legal interest, together with twenty percentum (20%) on the amount of debt and interest as counsel fees, without process against George Gines and Esperanza T. Gines, (the "Borrower") and her heirs, personal representatives, executors, administrators or assigns, at the suit of the holder of this Note, their successors or assigns, at any time, with stay of execution until day of payment; and George Gines and Esperanza T. Gines, (the "Borrower") does waive the benefit of any and all exemption laws of the State of New Jersey, the State of Delaware, or elsewhere AND the maker and endorser hereby waives demand, protest and notice of non-payment hereof.

**WITNESS** my hand and seal the day and year aforesaid..

_____
George Gines, Borrower

_____
Esperanza T. Gines, Borrower

_____
Witness

_____
Witness

**STATE OF DELAWARE**        )
                             ) SS
**NEW CASTLE COUNTY**        )

**BE IT REMEMBERED**, That on this Twelfth (12th) day of October, A.D., 2007, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, George Gines and Esperanza T. Gines, parties to this Indenture, known to me personally to be such, who acknowledged this Indenture to be her act and deed.

_____
Renee Estep, Notary Public
My Commission Expires: 08/27/2009

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Esperanza and George Gines | TRIUMPH MORTGAGE CORPORATION and RALPH V. ESTEP |

| (b) County of Residence of First Listed Plaintiff  Camden County, NJ | County of Residence of First Listed Defendant  New Castle County, DE |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Christopher J. Curtin, esq  DE Bar #226 5721 Kennett Pike, Centreville, DE  19807 302-654-4454 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity) 15 U.S.C. Sec 1640(e)

Brief description of cause:  Truth in Lending Act Violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  7-30-08

SIGNATURE OF ATTORNEY OF RECORD  Christopher J. Curtin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                                                                                                    Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___ 0 8 – 4 7 8 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

___7/31/08___
(Date forms issued)

X _Kristin Romero_
(Signature of Party or their Representative)

X _Kristin Romero_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action